**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MALIK MUHAMMAD,**

                                **Plaintiff,**                    **07-CV-0232(Sr)**

**v.**

**SCOTT HODGE, et al.,**

                                **Defendants.**

---

### DECISION AND ORDER

Currently before the Court are plaintiff's applications for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. ###14, 28 and 35.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.     Whether the indigent's claims seem likely to be of substance;

2.     Whether the indigent is able to investigate the crucial facts concerning his claim;

3.     Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.     Whether the legal issues involved are complex; and

5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that while an inmate at the Southport Correctional Facility, defendants, Scott Hodge and Angela Bartlett, denied plaintiff access to the courts in violation of his rights pursuant to the First Amendment to the United States Constitution.  Dkt. #1.  In support of each of his three motions for appointment of counsel, plaintiff asserts that the factual and legal issues presented are complex, that

he is unable to conduct an investigation and conduct legal research.  Dkt. ###14, 28

and 35.  The facts and issues in this case are not complex.  Moreover, plaintiff has not

established that he is unable to represent himself in this matter and that the

appointment of counsel is warranted under the factors set forth above.  In fact, plaintiff

has demonstrated an ability to articulate his legal theories to the Court and plaintiff's

testimony concerning the alleged denial of access to the courts and the consequences

he suffered will be the best evidence of his damages.  Thus, plaintiff has not

established that he is unable to represent himself in this matter and that the

appointment of counsel is warranted under the factors set forth above.


Plaintiff's motions for appointment of counsel (Dkt. ###14, 28 and 35), are

denied without prejudice at this time.  It is the plaintiff's responsibility to retain an

attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.


**SO ORDERED.**

DATED:      Buffalo, New York
            March 25, 2009

                                   s/ H. Kenneth Schroeder, Jr.
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**